IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Julius B. Nesbitt,<br><br>                    Plaintiff,<br><br>vs.<br><br>A. Lane Cribb, et al.,<br><br>                    Defendants. | Civil Action No. 6:09-2350-RBH-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the plaintiff's motion for default judgment as to defendant Aramark Food Services, Inc. (doc. 30). The plaintiff, a federal pre-trial detainee proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983. The plaintiff alleges denial of adequate food and medical care during his incarceration at the Georgetown County Detention Center.

The plaintiff initiated this lawsuit against numerous defendants on September 10, 2009. In his complaint, the plaintiff named, among others, "Aramark Food Services, Inc." On October 2, 2009, the plaintiff filed a returned summons including a return receipt purportedly from an "Aramark Food Services, Inc." which was served at an address in Philadelphia, Pennsylvania, on September 28, 2009 (doc. 13).

Aramark Correctional Services, LLC, is a corporation registered with the South Carolina Secretary of State, with a registered agent for service of process in Greenville,

South Carolina (Aramark resp. m. for default, ex. A). On October 23, 2009, defendant Aramark Correctional Services, LLC , filed an answer to the plaintiff's complaint. In the answer, Aramark Correctional Services, LLC, noted that it was incorrectly identified in the complaint as Aramark Food Services, Inc. In filing the answer, Aramark Correctional Services, LLC ("Aramark") voluntarily appeared, as it had not been served with the summons and complaint at that time. In the answer, Aramark asserted that it had not been properly named or identified in the plaintiffs complaint and further asserted that it had not been properly served as required under Federal Rule of Civil Procedure 12(b)(5).

In the plaintiff's motion entitled "Motion for Judgment" against "Aramark Food Services, Inc.," he argues that default judgment should be entered because this defendant did not file an answer within 20 days after being served with the summons and complaint. Aramark argues that the proper defendant, Aramark Correctional Services, LLC, has not even been named by the plaintiff as a party, nor is there evidence that it was properly served with the summons and complaint through its registered agent for service of process. Accordingly, the answer filed October 23, 2009, was timely. This court agrees.

Based upon the foregoing, it is recommended that the plaintiff's motion (doc. 30) be denied.

s/William M. Catoe
United States Magistrate Judge

December 22, 2009

Greenville, South Carolina

2