IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Julius B. Nesbitt, ) | Civil Action No.: 6:09-cv-02350-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| A. Lane Cribb, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court is Plaintiff Julius B. Nesbitt's ("Plaintiff") Objections to the Report and Recommendation ("R&R") of United States Magistrate Judge William M. Catoe. This matter is before the Court upon the *pro se* Plaintiff's "Motion for Judgment" against "Aramark Food Services, Inc.," alleging that default judgment should be entered because this defendant did not file an answer within 20 days after being served with the Summons and Complaint. In the R&R, the Magistrate Judge recommends that the Plaintiff's motion be denied because the proper defendant, Aramark Correctional Services, LLC, has not been named by the plaintiff as a party, and there is no evidence that it was properly served with the Summons and Complaint through its registered agent for service of process. The Plaintiff filed timely objections to the R&R, and this matter is ripe for review.

**Factual Background and Procedural History**

The Plaintiff filed this lawsuit against numerous defendants on September 10, 2009, naming "Aramark Food Services, Inc."[1] as one of many defendants. On October 2, 2009, the Plaintiff filed a returned summons including a return receipt purportedly from "Aramark Food Services, Inc.," which was served at an address in Philadelphia, Pennsylvania, on September 28, 2009.

---

[1] A review of the South Carolina Secretary of State website reveals that "Aramark Food Service Corporation" was dissolved on May 17, 2004.

Aramark Correctional Services, LLC, is a corporation registered with the South Carolina Secretary of State, with a registered agent for service of process in Greenville, South Carolina. On October 23, 2009, defendant Aramark Correctional Services, LLC, filed an answer to the Plaintiff's Complaint. In the answer, it noted that it was incorrectly identified in the Complaint as "Aramark Food Services, Inc." In filing the answer, Aramark Correctional Services, LLC voluntarily appeared, as it had not previously been served with the Summons and Complaint, and asserted that it had not been properly named or identified in the Plaintiff's Complaint or properly served pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. Subsequently, the Plaintiff filed the instant motion, in which he argues default judgment should be entered because this defendant did not file an answer within 20 days after being served with the summons and complaint.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge William M. Catoe for pretrial handling. The Magistrate Judge issued an R&R on December 22, 2009, in which he recommends that the Court deny the Plaintiff's motion. Subsequently, the Plaintiff filed timely objections to the R&R.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court

to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982).

## Discussion

In his Objections, the Plaintiff makes only general and conclusory statements that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. The Plaintiff merely states that the present posture of this matter "leaves us with quite a few questions" and "requests that the Court postpone it's ruling on Plaintiff's Motion for Judgment until it can be determined what the facts are in this case." [Objections, pp.3-4]. As such, the Court need not conduct a *de novo* review of the R&R. Nonetheless, the Court has reviewed the R&R and finds that there is no evidence that the proper defendant, Aramark Correctional Services, LLC, was properly served with the Summons and Complaint through its registered agent for service of process.

Having thoroughly reviewed the entire record, the Plaintiff's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. As such, the Court agrees with the recommendations of the Magistrate Judge.

## Conclusion

Based on the foregoing, it is

**ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference, and the Plaintiff's motion for default judgment [Docket Entry #30] is denied.

**IT IS SO ORDERED.**

                                               s/ R. Bryan Harwell
                                               R. Bryan Harwell
                                               United States District Judge

Florence, South Carolina
January 14, 2010